# United States Court of Appeals for the Fifth Circuit

No. 22-10559
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Guadalupe Onate-Herrera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-338-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Guadalupe Onate-Herrera appeals his conviction and sentence for illegal reentry after deportation under 8 U.S.C. § 1326(a) and (b)(1). He argues that treating a prior felony conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than a separate element of the offense, violates the Constitution. He also contends that he

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10559

was not informed that the statutory enhancement provision in § 1326(b)(1) was an essential element of the offense to which he was pleading guilty and, therefore, his guilty plea was made involuntarily. Onate-Herrera concedes that his arguments are foreclosed and indicates that he wishes to preserve them for further review. The Government has moved, unopposed, for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that the issues raised on appeal are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Summary affirmance thus is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.